Brassard, J.
The plaintiff, Gregory Lee, brought this action against the Massachusetts Bay Transportation Authority (“the MBTA”), alleging that the MBTA unlawfully discriminated against him in violation of G.L.c. 15IB, §4(16). The matter is before the court on Lee’s motion for summary judgment. For reasons stated, the motion is granted.
BACKGROUND
For the purposes of this motion the following facts are undisputed:
Lee has been employed by the MBTA as a police officer since approximately 1983. From approximately *84 1987 until October 16, 1989, Lee worked on the street in the MBTA’s warrant apprehension unit. On October 16, 1989, while chasing several individuals on whom there were outstanding arrest warrants, Lee experienced chest pains. After work that day he was hospitalized for several days due to the chest pains. Medical tests were inconclusive about whether or not he had suffered from myocardial infarction (a heart attack). On December 1, 1989, Lee returned to work on a “light duly” status, performing only desk work. In 1990 Lee’s treating cardiologist determined that Lee was capable of returning to full duty, and in late 1990, Lee requested that he be permitted to return to such duty. The MBTA has refused to allow him to do so, relying on its medical standards, which prohibit police officers who have suffered a myocardial infarction from performing full duty work. Because he is assigned to light duty, Lee is not eligible for overtime assignments or paid detail work, which would supplement his salary. Lee is still assigned to light duty, and continues to seek to return to full duty as a police officer.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 500, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Id. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” Lalonde v. Eissner, 405 Mass. 207, 209 (1989).
G.L.c. 151B, §4(16) states in relevant part that it is an unlawful practice “[flor any employer . . . to . . . refuse to hire, rehire or advance in employment or otherwise discriminate against, because of his handicap, any person alleging to be a qualified handicapped person, capable of performing the essential functions of the position involved with reasonable accommodation, unless the employer can demonstrate that the accommodation required to be made to the physical or mental limitations of the person would impose an undue hardship to the employer’s business . . .”
Massachusetts courts follow a threestep order of proof in applying G.L.c. 151B. Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 440 (1995).[1] In the first stage, the plaintiff has the burden to show by a preponderance of the evidence a prima facie case of discrimination. Id. at 441. In this stage the plaintiff must prove four facts. First, the plaintiff must show that he or she is a member of a class protected by G.L.c. 15IB. Id. The protected class under G.L.c. 151B, §4(16) consists of qualified handicapped people. This includes people who are capable of performing the essential functions of a particular job and people who would be capable of performing the essential functions of the job with reasonable accommodation to the handicap. Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 54142 (1995). An employer, however, may refuse to accommodate any handicap that necessitates the substantial modification of employment standards. Id. at 542.
In the first stage, the plaintiff must also establish that he or she performed his or her job at an acceptable level; that he or she was terminated; and that his or her employer sought to fill the plaintiffs position by hiring another individual with qualifications similar to the plaintiffs. Blare v. Husky Injection Molding Systems Boston, Inc., supra at 491.[2] Once the plaintiff has met this burden, a presumption of discrimination is created. Id.
In applying this first stage specifically to a handicap discrimination suit under G.L.c. 151B, §4(16), the Supreme Judicial Court has stated that the plaintiffs burden is to prove that: “(1) she is handicapped; (2) she is a qualified handicapped person and she applied for a position for which the employer was seeking applicants; (3) the employer terminated the plaintiff for the position in spite of her qualifications; (4) after the employer terminated the plaintiff, the position remained open and the employer continued to seek applicants.” Beal v. Board of Selectmen of Hingham, supra at 541.
In the second stage of the order of proof, the employer can rebut the presumption created by the plaintiff by articulating a legitimate, nondiscriminatoiy reason for its hiring decision. Blare v. Husky Injection Molding Systems of Boston, Inc., supra at 441. An employer must not only give a lawfiil reason for its decision, but must also produce credible evidence to show that the reason or reasons advanced were the real reasons. Id. at 442.
In the third stage of the order of proof, the plaintiff has the burden of showing either by direct evidence that the employer’s actual motivation was discrimination, or that the employer’s articulated justification for the decision is not true but a pretext. Id. at 44245.
The United States Court of Appeals has reframed this three-stage process slightly differently for cases arising under 29 U.S.C. §794, the federal statute prohibiting discrimination against handicapped people. Pushkin v. Regents of the University of Colorado, 658 F.2d 1372, 1387 (10th Cir. 1981). In the process laid out in Pushkin, the plaintiff establishes a prima facie case by showing that he or she was an otherwise qualified person apart from his handicap, and was rejected under circumstances which gave rise to the inference that the rejection was based solely on his or her handicap. Id. Once the plaintiff establishes this prima facie case, the defendants *85 have the burden of proving that plaintiff was not an otherwise qualified handicapped person, able to meet all of the program’s requirements in spite of the handicap, or that the plaintiffs rejection from the program was for reasons other than the handicap. Id. The. plaintiff then must produce rebuttal evidence showing that the defendants’ reasons for rejecting the plaintiff were based on misconceptions or unfounded factual conclusions, and that reasons articulated for the rejection other than the handicap encompass unjustified consideration of the handicap. Id.
In its response to Lee’s motion for summary judgment, the MBTA argues first that Lee has not established that he is handicapped, thus failing to meet the first element of the first stage of the process of proof. The MBTA relies on the fact that Lee himself argues that he is not handicapped. I find, however, that Lee is a member of the class of handicapped individuals protected by G.L.c. 151B, §4(16) because he is perceived by his employer as handicapped. See Pushkin v. Regents of the University of Colorado, supraat 1388 (holding that, under the analogous federal statute, a program’s belief that a person’s handicap would be a detriment to the program is enough to establish a prima facie case of discrimination); Ryan v. Town of Lunenburg, 11 MDLR 1215, 123637 (1989) (holding that under G.L.c. 151B, §4(16) a person may be considered handicapped if she or he has a past record of impairment, even if the impairment no longer exists, or if the person never had an impairment but was perceived by the employer as having one).
The MBTA next argues that Lee has not demonstrated that he is an otherwise qualified person, capable of performing the work of a full-duty street officer, because the MBTA is allowed to set medical standards for its employees and may refuse to accommodate any handicap that necessitates the substantial modification of employment standards. In its memorandum, the MBTA sets forth several facts to support this argument, including that the MBTA has in place medical standards for all employees that were established by a Dr. Wachman, the MBTA’s Medical Director, and were based on standards set forth by the United States Department of Transportation and the Massachusetts Department of Public Utilities; that these regulations preclude police officers with cardiac symptoms from safety-sensitive positions such as street duly because of the risk that the heart condition could preclude an officer from performing his or her duties, thus jeopardizing public safety; and that Dr. Wachman examined Lee and determined that he was not qualified under the MBTA medical standards. The MBTA concludes that Lee’s physical qualifications for street duty should be left to a finder of fact.
The MBTA provided no citation for the regulations on which it bases its argument. I therefore rely on a regulation which was quoted, somewhat unclearly, in an Arbitrator’s Decision and Award in an earlier procedural incarnation of this case.[3] The regulation set out there states: “No one with evidence of myocardial infarction, by history or by clinical information, shall be employed in this [fullduty] category [of MBTA police officer].”
The MBTA also provided no deposition or affidavit testimony from Dr. Wachman asserting that Lee’s medical condition precludes him from active duty. Had it done so, Lee’s physical ability to meet the demands of the job he seeks would be a question of fact. Without such testimony, however, the undisputed evidence shows that Lee’s heart condition is that of a normal man of his age and that he is capable of performing the work of a fullduty officer. Therefore, the issue facing the Court is whether an MBTA regulation which bars from street duty anyone who has ever experienced symptoms of myocardial infarction, regardless of his or her present state of health, violates G.L.c. 151B, §4(16).
Although under the doctrine discussed in Blare and Beal an employer may refuse to accommodate a person with a handicap if such accommodation would require substantial modification of employment standards, such substantial modification is not required to allow Lee to return to full duty. The “reasonable accommodation” Lee seeks is that the MBTA disregard a rigid rule which prevents him from doing work he is capable of performing. The MBTA cites Wynne v. Tufts University School of Medicine, 932 F.2d 19, 25 (1st Cir. 1991), for the proposition that the MBTA may uphold its own medical standards. In fact, the United States Court of Appeals in Wynne adopted the rule that broad judicial deference to program administrators resembling the deference associated with the rational basis test would substantially undermine Congressional intent, in the federal antidiscrimination statute, that stereotypes or generalizations not deny handicapped individuals equal access. Id. The Court further adopted the rule that a handicapped individual who cannot meet all of a program’s requirements is not otherwise qualified only if there is a factual basis in the record reasonably demonstrating that accommodating that individual would require either a modification of the essential nature of the program or impose an undue burden on the employer. Id.
The arbitrary regulation at issue here does not go to the essential nature of the MBTA police program. The program requires healthy police officers but, as Lee has demonstrated, the regulation in question in fact screens out healthy officers. Requiring the MBTA to change the regulation so that it reflects the actual needs of the MBTA does not impose an undue burden upon the MBTA
The MBTA next attempts to meet its stage two burden by showing that it had a legitimate, nondiscriminatory reason for its actions in that Lee was not an otherwise qualified handicapped person. The MBTA relies on the medical regulation discussed above. In so relying, the MBTA is clearly discriminating in the sense that it treats people with a certain medical history differently from those who do not have that history. The MBTA’s real argument is that this policy *86 is not founded on any malicious intent or evil animus. Nonetheless, I find that the MBTA has failed to meet its rebuttal burden. Under the Blare analysis, the MBTAhas failed to meet its burden because in fact it admits to treating people with a certain medical history differently, and thus discriminating against them. Under the Pushkin standard, which is geared specifically towards handicap discrimination cases, the MBTA could still prevail if it had shown that Lee was not an otherwise qualified handicapped person, able to meet all of the programs requirements in spite of his handicap. As discussed above, however, the MBTA has produced no evidence that Lee is unable to meet all the program requirements of a fullduty police officer.
Because the MBTA has not met its burden of production on the second stage of the threepart process, I do not reach the third stage.[4]
Lee has submitted undisputed evidence that he is a member of a protected class and he is physically capable of doing the work of a fullduty police officer. The MBTA has not submitted any evidence that Lee is not an otherwise qualified handicapped person, or that it had a legitimate, nondiscriminatory reason for denying him the fullduty job. Summary Judgment is therefore granted to Lee.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for summary judgment be GRANTED.

This is essentially the same process set forth by the United States Supreme Court under the federal anti-discrimination provisions of Title VII. Id.

The elements of the plaintiffs burden may vary depending on the specific facts of a case. Id.

International Brotherhood of Police Officers, Local 639 and Massachusetts Bay Transportation Authority, Arbitration Decision and Award (Joan G. Dolan, Arbitrator), April 15, 1993.

Even if I accepted the argument that Lee is not an otherwise qualified handicapped person because he does not meet the MBTA’s medical standards, Lee would still prevail on part three of the Pushkin analysis, as he has submitted undisputed evidence that the MBTA’s reasons for the medical regulation are based on the misconception or unfounded factual conclusion that one who has suffered from myocardial infarction is of necessity in poorer health than one who has not.