Hillman, J.
INTRODUCTION*
Plaintiffs Harju and Sullivan (“collectively Harju”) bring this action for medical malpractice /wrongful death against the defendants to recover for the wrongful death of Oliver Harju. Defendant Burbank Hospital (“Burbank”) has moved for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons discussed below, Burbank’s motion is ALLOWED IN PART AND DENIED IN PART.
BACKGROUND
In evaluating a motion for summary judgment, this Court must rely on facts not in dispute as well as disputed facts viewed in the light most favorable to the nonmoving party. Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995). Consequently, the facts stated below are presented in the light most favorable to the plaintiffs and should not be misunderstood as findings of the Court. Harju alleges that the defendant’s negligence resulted in the conscious pain and suffering and wrongful death of Oliver Harju, from ischemia of the bowel, which went undiagnosed and untreated while he was under the care of the defendant doctors from June 9, 1991 though July 8, 1991.
On July 4, 1991, Dr. Grillon was asked to treat Oliver for Oliver’s ischemic bowel. Grillon concluded that Oliver was in need of no further treatment, notwithstanding Dr. Grillon’s failure to form an opinion as to the cause of Oliver’s condition. On July 5, 1991, Dr. Grillon recommended a sigmoidoscopy after Oliver’s condition was observed to have deteriorated. Oliver’s symptoms of bowel ischemia worsened. Dr. Grillon, however, did not order an angiogram. Harju claims that Dr. Grillon should have ordered an angio-gram because it would have confirmed whether Oliver had bowel ischemia. Harju further claims that had Dr. Grillon ordered an angiogram, Oliver’s bowel ischemia would have been detected and the appropriate surgical treatment would have been implemented.
On July 6, 1991 and July 7, 1991, Oliver exhibited signs and symptoms of shock indicating a continued lack of blood supply to his bowel. Dr. Mainella indicated in a note dated July 6, 1991 that Dr. Grillon was contacted regarding Oliver’s condition. Harju alleges that despite this communication to Dr. Grillon, Dr. Grillon did nothing to treat Oliver. The medical record for July 7, 1991 indicates that Oliver continued to experience abdominal pain, swelling and firmness. Dr. Neuschatz indicated in his note of July 7, 1991, that he was trying to facilitate a surgical consultation. Grillon was the surgeon on call for such consultations on that date. Harju alleges that Grillon failed to provide any medical or surgical intervention for Oliver. On this same day, Oliver was pronounced dead. The death certificate listed ischemic distal colon as the cause of death.
Harju filed a complaint shortly following her father’s death. Harju’s complaint includes several allegations. Plaintiffs complaint included the following counts against Burbank: (1) wrongful death based upon Burbank’s negligent hiring and retention of Grillon; (2) conscious pain and suffering based upon Burbank’s negligent hiring and retention of Dr. Grillon; (3) wrongful death based upon grossly negligent hiring and retention of Dr. Grillon; (4) conscious pain and suffering based upon the reckless conduct of Burbank; (5) negligence based upon vicarious liability through Dr. Grillon; (6) conscious pain and suffering as a result of the breaches of express and implied warranties; (7) failure to obtain informed consent; and (8) conscious pain and suffering as a result of Burbank’s failure to obtain informed consent.
The crux of Harju’s allegations against Burbank rests on the assertion that Dr. Grillon was an employee at Burbank. Dr. Grillon, in his deposition states that he was never employed by Burbank and that he was an employee of Nashoba Surgical Associates. Although both Burbank and Dr. Grillon claim that Dr. Grillon was not an employee at Burbank as he did not draw an actual salary from Burbank, both Burbank and Dr. Grillon admit that Dr. Grillon formed part of Burbank’s provisional active staff at the time of the alleged malpractice.

DISCUSSION

This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553, (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to *648 interrogatories, admissions on file, and affidavits. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Summary judgment, where appropriate, may be entered against the moving party, or may be entered as to certain issues and not others which may present a genuine issue of material fact. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The non-moving party cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts to defeat the motion. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the non-moving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Plaintiffs claims against Burbank depend on two theories of liability. First, Harju claims that the estate has a cause of action against Burbank for negligent hiring/retention of Grillon. Second, Harju claims that the estate has a cause of action against Burbank for breach of express and implied warranties. This Court allows summary judgment in favor of Burbank with respect only to plaintiffs claim for breach of express and implied warranties and denies Burbank’s motion for summary judgment with respect to plaintiffs claim for negligent hiring/retention of Grillon.

A. Negligent Hiring of Dr. Grillon

Burbank contends that Harju cannot maintain an action for negligent hiring because the doctrine of negligent hiring is dependent upon the existence of an employer-employee relationship. Burbank contends that Massachusetts law provides that a doctor is not a servant of a hospital. Burbank, therefore, argues that Harju’s claim must fail. Burbank has not established that there is no genuine issue of material fact regarding the status of Grillon’s employment relationship with Burbank. Summary judgment, therefore, will not enter in its favor.
In general, hospitals are liable for the negligence of their employees, but a hospital cannot be held vicariously liable for the alleged negligence of surgeons where it is not shown that the surgeons were affiliated with the hospital. Harnish v. Children’s Hospital Medical Center, 387 Mass. 152 (1982). The exact scope of the exception to a hospital’s liability for negligent acts of its doctors, however, is not clear under Massachusetts law. The recent decision of Justice Gants in Miller v. Kurkjian, 9 Mass. L. Rptr. No. 26, 59 (1999), which denied summary judgment in favor of the defendant Healthcare Group, presents an excellent discussion of the lack of clarity surrounding this exception to a hospital’s liability.
In Miller, Justice Gants mentioned the case of MacNamara v. Honeyman, 406 Mass. 43, 48 (1989). In MacNamara, the SJC held that sufficient evidence existed to permit a jury finding that a psychiatrist was an employee of the University of Massachusetts Medical School staff. In reaching its decision, the SJC stated that although a physician exercises independent judgment, a physician can still be deemed a servant where the principal controls the details of the physician’s activities. Id. at 48 (citing Kelly v. Rossi, 395 Mass. 659, 662 (1985)).
In MacNamara, the SJC listed several factors upon which the jury could have found that the psychiatrist was an employee of the medical school staff. First, the physician’s superiors regulated his hours. Second, the physician had no say as to the ward in which he would work or the patients that he would treat. Third, the physician did not have any private patients and his income was not based upon the number of patients he treated. Thus, the SJC interpreted the standard that an employer must “exercise control over the details of the physician’s treatment of a patient” tobe vicariously liable to mean simply that the employee be subject to the direction and control of the employer. Miller, supra at 594.
The case at bar is analogous to MacNamara in that plaintiff alleges facts that could lead a jury to conclude that Burbank exercised control over the details of Grillon’s treatment of Oliver. Although Dr. Grillon received a paycheck from a private practice group, he performed much of his surgery at Burbank. Dr. Grillon also saw patients at Burbank. Furthermore, a jury could find that Burbank had the right to direct and control Dr. Grillon by way of tire privilege process. Burbank could have permitted Dr. Grillon to practice or it could have revoked his privileges thereby terminating his right to practice medicine on patients at Burbank. Burbank also imposed requirements for staff member privileges, as well as minimal performance standards for all staff members.

B. Negligent Hiring or Retention of Dr. Grillon

Assuming that a jury could find that Dr. Grillon was an employee of Burbank, this Court must now decide whether a genuine issue of material fact exists with respect to Harju’s claim of negligent hiring/retention of Dr. Grillon. The doctrine of negligent hiring provides that an employer whose employees are brought in contact with members of the public in the course of the employer’s business has a duty to exercise reasonable care in the selection and retention of employees. Foster v. Loft, Inc., 26 Mass.App.Ct. 289, 290 (1988). Negligent retention occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment. Id. at 291.
*649 Burbank concedes that Dr. Grillon began working at Burbank in October 1990, nine months before the alleged negligence occurred. Burbank also concedes that in December 1990, Dr. Grillon failed his medical board examination offered by the American Board of Surgery. At no time prior to the alleged negligence did Burbank investigate Dr. Grillon, or suspend his privileges to operate at Burbank. Harju claims that Burbank was negligent in permitting Dr. Grillon to continue practicing at Burbank after becoming aware that Dr. Grillon failed his medical board examination. Harju also claims that Burbank Hospital should have supervised Dr. Grillon’s activities more closely because of his status as a provisional staff member. Viewing these facts in the light most favorable to Harju, a reasonable jury could conclude that Burbank, in its capacity as employer of Dr. Grillon, was negligent in retaining Dr. Grillon while he treated patients at Burbank.
C. Lack, of Informed Consent
Burbank contends that Harju can not maintain a claim against Burbank for lack of informed consent because Dr. Grillon was not an employee at Burbank. As mentioned above, this Court finds that there is a genuine issue of material fact as to whether Dr. Grillon was an employee of Burbank. Summary judgment, therefore, will not enter in Burbank’s favor on Harju’s claim for lack of informed consent.

D. Express and Implied Warranties

Harju alleges that Burbank breached express and implied warranties, through Dr. Grillon, by failing to comply with the applicable standard of care in its care and treatment of Oliver. Although Harju may claim that Burbank was negligent in hiring or retaining Dr. Grillon, or in adequately supervising Dr. Grillon, it seems that Burbank may not, under Massachusetts law, claim that Burbank breached any express or implied warranties because such claims are allowed only for sales of goods under article 2 of the Uniform Commercial Code. See White v. Peabody Const. Co., Inc., 386 Mass. 121, 131-32 (1982) (stating that contracts whose predominant factor, thrust, or purpose is the rendition of services do not fall within the purview of M.G.L.c. 106, §2). Burbank’s motion for summary judgment with respect to Harju’s claim for breach of express or implied warranties will be allowed.

ORDER

For the foregoing reasons, it is hereby ordered that Burbank’s motion for summary judgment is ALLOWED IN PART only with respect to Harju’s claims of breach of express or implied warranty. Burbank’s motion for summary judgment is DENIED with respect to all other claims.

See also opinion reported at 10 Mass. L. Rptr. No. 28, 644 (January 3, 2000).