Bohn, J.
INTRODUCTION
The plaintiff, Heniy D. Dickerson (“Dickerson”), filed this action seeking damages resulting from his termination by his employer, the defendant, HUB Fabric Leather Co., Inc. (“HUB”). Kenneth Laham (“Laham”), an officer of HUB, is also named as a defendant. The plaintiff contends that the defendants discharged him because of his age in violation ofMass. Gen. Laws ch. 151B, §4.[1] The defendants now move for summary judgment. After a hearing and for the reasons stated below, the defendants’ motion for summary judgment on the age discrimination is ALLOWED.
BACKGROUND
In evaluating a motion for summary judgment, this Court relies on facts not in dispute as well as disputed facts viewed in the light most favorable to the nonmoving party. Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995).
HUB is a company that prints colors, patterns and decorative designs onto various types of fabric using a particular printing machine that Dickerson was hired to operate and did operate exclusively for approximately 16 years.
On or about the year 2000, the Massachusetts Department of Environmental Protection (“DEP”) executed a Consent Decree (“Decree”) against HUB to *463 reduce, and eventually eliminate, the use of certain solvents that had been used on said printing machine. When the Decree became effective, work on the printing machine was reduced by fifty percent, and then completely ceased by October 1, 2002.
Dickerson, having worked at HUB for several years, had a friendly relationship with the president and his son, Kenneth Laham, the defendant. As a result of this friendship, as work on the printing machine began to decline, the defendants attempted to keep Dickerson employed by assigning him other work, such as helping other employees with their shipping and receiving tasks. After these accommodations, HUB could no longer afford to employ Dickerson. On or about September 30, 2002, HUB discharged Dickerson due to lack of work.
HUB’S president and Laham both provided Dickerson with letters of reference explaining that the “decision to release [Dickerson] was based upon the slowdown in the economy.” After Dickerson collected unemployment for nine months, he obtained another job at the Boston Herald as a branch manager.
A total of nine employees comprised the entire workforce in the manufacturing end of HUB’S business. All nine employees were eventually laid off due to declining business at HUB. These positions were never filled.
DISCUSSION
To prevail on a motion for summary judgment, the moving party must establish that there is no genuine issue of material fact on every element of a claim and that it is entitled to judgment on that claim as a matter of law. See generally Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). Where, as here, the party opposing summary judgment has the burden of proof at trial, the moving party is entitled to summary judgment if it “demonstrates, by reference to material described in Mass.RCiv.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). To be successful, a moving party need not submit affirmative evidence to negate one or more elements of the other party’s claim. Id. It is sufficient to demonstrate that “proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
Age Discrimination under Chapter 15 IB
Under Mass. Gen. Laws ch. 151B, §4(1B), it is an unlawful practice for any private employer, “because of the age of any individual ... to discharge from employment such individual . . . unless based upon a bona fide occupational qualification.” As a result of the definition of “age,” the protection against age discrimination applies only to individuals over 40 years of age. Mass. Gen. Laws ch. 15IB, §1(8).
In evaluating age discrimination claims under Chapter 15 IB, Massachusetts courts use the same three-stage analysis originally devised by the United States Supreme Court to address Title VII discrimination claims. Blare v. Husky Injection Molding Systems Boston, Inc., 419 Mass. 437, 440 (1995). In the first stage, the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. Id, at 441. Once the prima facie case is established, the plaintiff enjoys a presumption of discrimination that entitles the plaintiff to judgment unless and until the defendant rebuts the presumption “by articulating a legitimate, non-discriminatoiy reason for its hiring decision.” Id. Once the defendant satisfies this burden of production, the presumption vanishes, and the plaintiff bears the burden of persuasion at the crucial third stage to establish either that the employer’s articulated reason was a pretext or that the actual reason for the decision was discrimination. Id, at 444.
In traditional employment discrimination cases where the plaintiff has been terminated, the first stage showing of a prima facie discrimination is satisfied by proving four elements: (1) the plaintiff belongs to a protected class, which in age discrimination cases means that he is over 40 years of age; (2) the plaintiff performed his job acceptably; (3) the plaintiff was terminated; and (4) the plaintiffs employer sought to fill the plaintiffs position by hiring another individual with qualifications similar to the plaintiffs." Blare at 441. In a more recent case, the Supreme Judicial Court clarified the fourth element by stating that “age discrimination may only logically be inferred when a plaintiff in a protected class, who is performing adequately, is terminated and replaced by someone who is substantially younger.” Knight v. Avon Products, Inc., 438 Mass. 413, 423 (2003) (emphasis added).
In reduction in force cases such as this one, the elements of the prima facie case must be somewhat modified from the traditional termination case, since the plaintiff is not replaced with another employee. Blare at 441, citing Wheelock College v. Mass. Comm. Against Discrimination, 371 Mass, 130, 135 n.5 (1976). I reject the plaintiffs assertion that “as this is a reduction in force case, no showing is necessary that the plaintiff was replaced. Plaintiff only need show that younger persons assumed his duties.” See Plaintiffs Memorandum in Opposition to Defendants’ Motion for Summary Judgment, pages 2-3. This proposed modification, wholly eliminating the fourth element, would result in a prima facie case of discrimination being established whenever anyone over 40, who is performing his job acceptably, is laid off as part of a reduction in force. Rather, modification of the prima facie case for reduction in force situations involves a new fourth element, “proof that the employer did not treat age *464 neutrally in the reduction of force or that the reduction in force had a disparate impact on employees over 40.” Hidalgo v. Overseas Condado Ins. Agencies, Inc. 120 F.3d 328, 333 (1st Cir. 1997).
The plaintiff, even with a generous view of the evidence, cannot satisfy this fourth element of the prima facie case. The plaintiff does not contend that HUB reduced the number of manufacturing employees to dismiss or demote older employees. In fact, there is no dispute that the Decree caused the elimination of the plaintiffs primary job function. It is noteworthy that the defendants, in an attempt to employ the plaintiff as long as possible, found other work within the company for the plaintiff. It was only when the company could no longer financially sustain the plaintiff, who was performing odd jobs and assisting other employees, that he was laid off reluctantly. These facts establish that HUB favored the defendant in its reduction in force.
There is also no evidence that the reduction in force had a disparate impact on the older employees. A total of nine employees comprised the entire workforce in the manufacturing end of HUB’S business and all nine employees, regardless of their age, were eventually laid off due to declining business at HUB.[2] When it is undisputed that the employer’s purpose was to eliminate jobs rather than replace a present employee, a prima facie base of age discrimination may not be established simply by showing that younger employees are performing the surviving duties, because this does not reasonably permit an inference of discrimination. O’Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312 (1996). There is no evidence permitting a reasonable inference that age played any adverse role in the defendants’ decision to terminate the plaintiff.
ORDER
For the foregoing reasons, it is hereby ordered that the defendants’ motion for summary judgment is ALLOWED.

In the plaintiffs original complaint, which was filed on March 5, 2003, he claimed that his discharge was “motivated by impermissible factors, namely plaintiffs age, and/or to retaliate against plaintiff for plaintiffs opposition to anti-Semitic remarks made by defendant Laham.” The plaintiff has since withdrawn his claims of religious discrimination and retaliation. As such, the only remaining claim is that of age discrimination.

The plaintiff and another HUB employee, Francisco Palencia, were the only two employees working on the printing machine. Francisco, who was paid less, and younger than the plaintiff, was laid off at the same time as the plaintiff.