Ullmann, Robert L., J.
Defendants Massachusetts Executive Office of Public Safety and Security (“EOPSS”), Massachusetts Department of Correction (“DOC”), and individual defendants Luis Spencer, Robert Murphy and Andrea Cabral (the “Individual Defendants”) moved to dismiss all counts of the Complaint filed by the plaintiff, Karen Hetherson (“Hetherson”). The Court held a hearing on May 5, 2016. For the below reasons, the defendants’ motion is ALLOWED in part and DENIED in part.
DISCUSSION A. The Legal Standard
A motion to dismiss, “argues that the complaint fails to state a claim upon which relief can be granted. ” Jarosz v. Palmer, 436 Mass. 526, 529 (2002), quoting J.W. Smith & H.B. Zobel, Rules Practice s. 12.16 (1974). In considering such a motion, the Court takes as true the allegations of the complaint, as well as such inferences as may be drawn from them in favor of the non-moving party. Nader v. Citron, 372 Mass. 96, 98 (1977). However, the court disregards legal conclusions cast in the form of factual allegations. Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000). To survive the motion, the complaint must contain “allegations plausibly suggesting (not merely consistent with)” an entitlement to relief and “must be enough to raise a right to relief above the speculative level.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007). A “formulaic recitation of the elements of a cause of action will not do.” Twombly, 550 U.S. at 555.
*417 B. Application of the Legal Standard Count 1: Employment Discrimination in Violation of G.L.c. 15 IB, §4
The Complaint sufficiently alleges that Hetherson’s employers, EOPSS and DOC,[1] terminated her for failing to discipline certain correction officers, while not terminating men who were in a comparable position to discipline those same correction officers, and that the reason for the employers’ decision to terminate her was gender discrimination. Therefore, dismissal of this Count must be DENIED as to EOPSS and DOC.
The liability of non-employers under G.L.c. 15 IB, §4, however, is limited to subsections 4(4), claims of retaliation, 4(4A), claims of coercive interference with the exercise of protected rights, and 4(5), aiding and abetting. If Hetherson wishes to proceed against any of the Individual Defendants under Count 1, she must move for leave to file an Amended Complaint setting forth the one or more subsections that each defendant allegedly violated, and enough specificity to raise her right to relief above a speculative level. See Iannacchino, 451 Mass, at 636. Therefore, Count 1 is DISMISSED as to the Individual Defendants, but without prejudice to plaintiffs right to seek leave to file an Amended Complaint.
Count 2: Violation of Federal Civil Rights Under 42 U.S.C. §1983
EOPSS and DOC moved to dismiss this count, but defendants’ brief argues for dismissal only in favor of the Individual Defendants. See Def. Br. at 7-9. In any event, dismissal against EOPSS and DOC must be DENIED on this count for the reasons set forth above with regard to Count 1, because “the four elements necessary to establish a prima facie case for an equal protection claim filed pursuant to §1983 are substantially the same as the requirements necessary to establish an employment discrimination claim pursuant to G.L.c. 151B.” Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 546 (1995).
As for the Individual Defendants, based on Beal and this Court’s ruling on Count 1, Count 2 must be DISMISSED, without prejudice to plaintiffs right to seek to file an Amended Complaint with enough specificity to raise the right to relief above a speculative level.
Count 3: Violation of State Civil Rights Under G.L.c. 12, §§11H, 111
The Massachusetts Civil Rights Act (“MCRA”) provides a right of action to any person whose exercise or enjoyment of rights secured by the federal or state constitution or laws has been interfered with by “threats, intimidation, or coercion.” Bally v. Northeastern Univ., 403 Mass. 713, 717 (1989). A “threat” means the “intentional exertion of pressure to make another fearful or apprehensive of injury or harm.” Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 474 (1994). “Intimidation” means putting a person in fear for the purpose of compelling or deterring his or her conduct. Id. “Coercion” means application of physical or moral force to another to constrain him to do against his will something he otherwise would not do. Id.
The MCRA contains an additional element that claims under 42 U.S.C. §1983 do not have. To establish claims under the MCRA, plaintiffs must prove that “(1) their exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, (2) have been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by ‘threats, intimidation or coercion.’ ” Swanset Development Corp. v. Taunton, 423 Mass, 390, 395 (1996) (additional citation omitted). “A direct violation of a person’s rights does not by itself involve threats, intimidation, or coercion and thus does not implicate the Act.” Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989). As the court explained in Goddard v. Kelley, 629 F.Sup.2d 115 (D.Mass. 2009):
On its face, the MCRA contemplates a two-part sequence: (1) the defendant threatens, intimidates, or coerces the plaintiff, in order to (2) cause the plaintiff to give up something that the plaintiff has the constitutional right to do. Thus, for example, the statute would apply where a defendant (1) threatened to beat up the plaintiff if (2) the plaintiff exercised his right to vote . . .
629 F.Sup.2d at 128-29.
As currently pled, the Complaint alleges a direct interference with Hetherson’s right to employment by firing her. It does not allege that the defendants used threats, intimidation or coercion to achieve this goal. Therefore, Count 3 must be DISMISSED. Dismissal of this count is without prejudice. However, asserting this count against any defendant would require a good-faith basis to believe that the evidence will show that the particular defendant used threats, intimidation or coercion to remove Hetherson from her job.
Count 4: Defamation
Count 4 must be dismissed against EOPPS and DOC because defamation is an intentional tort, and public employers are immune from liability for such torts. Section 10(c) of the Tort Claims Act provides that the Act’s provisions creating liability for public employers do not apply to “any claim arising out of an intentional tort,” and the Supreme Judicial Court has ruled that public employers are immune from all intentional torts. See Spring v. Geriatric Authodty of Holyoke, 394 Mass. 274, 285 (1985). Moreover, “the Legislature has determined that both species of defamation, libel and slander, are intentional torts for the purposes of § 10(c).” Barrows v. Wareham Fire District, 82 Mass.App.Ct. 623, 630 (2012). Therefore, Count 4 must be DISMISSED against EOPSS and DOC, with prejudice.
As to the Individual Defendants, Hetherson’s brief points to only one paragraph in her Complaint as a basis for the defamation claim. See PI. Br. at 7, citing Complaint, ¶43. The only statement referenced in this *418 paragraph of the Complaint is the statement that, “Plaintiff had been asked to resign her position with the DOC.” This statement is indisputably accurate, and therefore cannot form the basis for a defamation claim. Nor can the Court find any allegation of defamation by a particular Individual Defendant elsewhere in the Complaint.[2] Therefore, Count 4 is DISMISSED against the Individual Defendants, although this dismissal shall be without prejudice.
Count 5: Intentional Infliction of Emotional Distress
Intentional infliction of emotional distress is, by definition, an intentional tort. Therefore, Count 5 must be DISMISSED with prejudice as to EOPSS and DOC, for the same reasons that Hetherson’s defamation claim against EOPSS and DOC must be dismissed. See supra at 5.
The claim of intentional infliction of emotional distress against the Individual Defendants must also be dismissed, on grounds that the allegations do not “plausibly suggest [ ]” an entitlement to relief. Iannacchino, 451 Mass. at 636. In Foley v. Polaroid Corp., 400 Mass. 82 (1987), the SJC made clear that “the door to recovery [for this claim] should be opened but narrowly and with due caution,” and that liability can only be found “where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.” 400 Mass. at 99.
The alleged tortious conduct by the Individual Defendants in this case is less outrageous than the conduct of the defendants in Foley that the SJC found to be insufficient to prove a claim of intentional infliction of emotional distress. See id. at 85-89 (describing defendants’ conduct). Therefore, under Foley, the allegations of intentional infliction of emotional distress in the Complaint in this case, even if supported by admissible evidence, would not survive a motion for summary judgment.
Count 5 against the Individual Defendants is DISMISSED without prejudice. However, the Court has made clear that the current allegations, even if supported by evidence, would not survive a motion for summary judgment under Foley. Therefore, absent a good-faith belief that Hetherson can prove conduct “beyond all possible bounds of decency,” Foley. 400 Mass, at 99, she should not seek leave to file an Amended Complaint on this count.
CONCLUSION AND ORDER
Defendants’ Motion to Dismiss Plaintiffs Complaint (Docket # 11) is ALLOWED in part and DENIED in part, as follows.
As to defendants Massachusetts Executive Office of Public Safety and Security and Massachusetts Department of Correction, the motion is DENIED as to Counts 1 and 2, and ALLOWED as to Counts 3-5. Dismissal is without prejudice as to Count 3 and with prejudice as to Counts 4-5.
As to defendants Luis Spencer, Robert Murphy and Andrea Cabral, the motion is ALLOWED as to all counts. Dismissal is without prejudice.
If Hetherson wishes to proceed on any count that has been dismissed without prejudice, she must file a motion for leave to amend by August 12, 2016 that complies with Superior Court Rule 9A. Any proposed claim must be consistent with the Court’s rulings herein.

 At the hearing, counsel for EOPSS and DOC indicated that both entities should be treated as Hetherson’s employer for purposes of this motion.

 Complaint, ¶59, referenced by defendants in their brief, contains a statement about EOPSS’s actions, but it does not identify who allegedly made the statement, and includes insufficient detail to form the basis for a defamation claim. Indeed, the paragraph does not even mention Hetherson.