Hillman, J.
*645 INTRODUCTION
Plaintiffs Carla Harju and Heidi Sullivan (“collectively Harju”) bring this action for medical malpractice /wrongful death against the defendants to recover for the wrongful death of Oliver Harju (“Oliver”). Defendant John Hartong M.D. (“Dr. Hartong”) has moved for summary judgment pursuant to Mass.R.Civ.P. 56. For the reasons discussed below, Hartong’s motion is ALLOWED IN PART AND DENIED IN PART.
BACKGROUND
In evaluating a motion for summary judgment, this Court must rely on facts not in dispute as well as disputed facts viewed in the light most favorable to the nonmoving party. Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995). Consequently, the facts stated below are presented in the light most favorable to the plaintiffs and should not be misunderstood as findings of the Court. Harju alleges that the defendant’s negligence resulted in the conscious pain and suffering and wrongful death of Oliver Harju, from ischemia of the bowel, which went undiagnosed and untreated while he was under the care of the defendant doctors from June 9, 1991 though July 8, 1991.
On July 4, 1991, Dr. Grillon was asked to treat Oliver for Oliver’s ischemic bowel. Dr. Grillon concluded that Oliver was in need of no further treatment, notwithstanding Dr. Grillon’s failure to form an opinion as to the cause of Oliver’s condition. On July 5, 1991, Dr. Grillon recommended a sigmoidoscopy after Mr. Oliver’s condition was observed to have deteriorated. Oliver’s symptoms of bowel ischemia worsened. Dr. Grillon, however, did not order an angiogram. Harju claims that Dr. Grillon should have ordered an angiogram because it would have confirmed whether Oliver had bowel ischemia. Harju further claims that had Dr. Grillon ordered an angiogram, Oliver’s bowel ischemia would have been detected and the appropriate surgical treatment would have been implemented.
On July 6, 1991 and July 7, 1991, Oliver exhibited signs and symptoms of shock indicating a continued lack of blood supply to his bowel. Dr. Mainella indicated in a note dated July 6, 1991 that Dr. Grillon was contacted regarding Oliver’s condition. Harju alleges that despite this communication to Dr. Grillon, Dr. Grillon did nothing to treat Oliver. The medical record for July 7, 1991 indicates that Oliver continued to experience abdominal pain, swelling and firmness. Dr. Neuschatz indicated in his note of July 7, 1991, that he was trying to facilitate a surgical consultation. Dr. Grillon was the surgeon on call for such consultations on that date. Harju alleges that Grillon failed to provide any medical or surgical intervention for Oliver. On this same day, Oliver was pronounced dead. The death certificate listed ischemic distal colon as the cause of death.
Harju filed a complaint shortly following her father’s death. Harju’s complaint includes the following claims against Dr. Hartong: (1) wrongful death and conscious pain and suffering based upon Dr. Hartong’s negligent hiring and retention of Dr. Grillon for surgical privileges at Burbank; (2) wrongful death based upon Dr. Hartong’s grossly negligent hiring and retention of Dr. Grillon; (3) conscious pain and suffering based upon the malicious, willful, wanton and reckless conduct of Dr. Hartong; (4) negligence and conscious pain and suffering based upon Dr. Hartong’s breach of express and implied warranties; and (5) negligence and conscious pain and suffering based upon Dr. Hartong’s failure to obtain informed consent.
The crux of Harju’s allegations against Hartong rests on the assertion that Dr. Grillon was an employee at Burbank. Dr. Hartong, in his deposition states that he was never employed by Burbank and that he was an employee of Nashoba Surgical Associates. Although both Hartong and Grillon claim that Grillon was not an employee at Burbank as he did not draw an actual salary from Burbank, both Dr. Hartong and Dr. Grillon admit that Dr. Grillon formed part of Burbank’s provisional active staff at the time of the alleged malpractice.

DISCUSSION

This Court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.R 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17.
In deciding a motion for summary judgment, the court may consider pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). Summary judgment, where appropriate, may be entered against the moving party, or may be entered as to certain issues and not others which may present a genuine issue of material fact. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The nonmoving party cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts to defeat the motion. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. *646 Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Plaintiffs’ claims against Burbank depend on two theories of liability. First, Harju claims that she has a cause of action against Burbank for negligent hiring/retention of Dr. Grillon. Second, Harju claims that she has a cause of action against Burbank for breach of express and implied warranties. This Court allows summary judgment in favor of Burbank with respect only to plaintiffs claim for breach of express and implied warranties and denies Burbank’s motion for summary judgment with respect to plaintiffs claim for negligent hiring/retention of Grillon.

A.Negligent Hiring of Dr. Grillon

This Court, in a separate opinion, has already concluded that there is a genuine issue of material fact as to whether Dr. Grillon was an employee of Burbank.* This Court, therefore, must now examine whether there is a genuine issue of material fact as to whether Dr. Hartong was negligent in hiring or retaining Dr. Grillon. The doctrine of negligent hiring provides that an employer whose employees are brought in contact with members of the public in the course of the employer’s business has a duty to exercise reasonable care in the selection and retention of employees. Foster v. Loft, Inc., 26 Mass.App.Ct. 289, 290 (1988). Negligent retention occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge or reassignment. Id. at 291.
Dr. Hartong concedes that Dr. Grillon began working at Burbank in October 1990, nine months before the alleged negligence occurred. Dr. Hartong also concedes that in December 1990, Dr. Grillon failed his medical board examination offered by the American Board of Surgery. Harju claims that Dr. Hartong was negligent in permitting Dr. Grillon to continue practicing at Burbank after becoming aware that Dr. Grillon failed his medical board examination. Harju also claims that Dr. Hartong and Burbank Hospital should have supervised Dr. Grillon’s activities more closely because of his status as a provisional staff member. Viewing these facts in the light most favorable to the plaintiffs, a reasonable jury could conclude that Dr. Hartong, in his capacity as Chairman of the Department of Surgery at Burbank, was negligent in retaining or negligent in failing to adequately supervise Dr. Grillon while Dr. Grillon treated patients at Burbank.

B.Lack of Informed Consent

Dr. Hartong contends that Harju cannot maintain a claim against him for lack of informed consent because Dr. Grillon was not an employee at Burbank. As mentioned above, this Court has found that a genuine issue of material fact exists as to whether Dr. Grillon was an employee at Burbank. Summary judgment, therefore, will not enter in Hartong’s favor on Harju’s claim for lack of informed consent.

C.Express and Implied Warranties

Harju alleges that Dr. Hartong breached express and implied warranties, through Dr. Grillon, by failing to comply with the applicable standard of care while treating Oliver. Although Harju may claim that Dr. Hartong was negligent in hiring or retaining Dr. Grillon, or in adequately supervising Grillon, it seems that Burbank may not, under Massachusetts law, claim that Burbank breached any express or implied warranties because such claims are allowed only for controversies involving the sale of goods under Article 2 of the UCC. See White v. Peabody Construction Co., Inc. 386 Mass. 121, 131-32 (1982) (stating that contracts whose predominant factor, thrust, or purpose is the rendition of services do not fall within the purview of M.G.L.c. 106, §2). Dr. Hartong’s motion for summary judgment with respect to Harju’s claim for breach of express or implied warranties, therefore, is allowed.

ORDER

For the foregoing reasons, it is hereby ordered that Dr. Hartong’s motion for summary judgment is ALLOWED IN PART only with respect to Harju’s claims for breach of express or implied warranty. Dr. Hartong’s motion for summary judgement is DENIED with respect to all other claims.

See opinion reported at 10 Mass. L. Rptr. No. 28, 646 (January 3, 2000).